**COMPLAINT**
**Wilnick Dorval v. OfficeDepot/Officemax Inc.**

## THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

## DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
|     Plaintiff | ) | Case No.: 2018-CV-97 |
| v. | ) | ACTION FOR DAMAGES |
| Officemax/OfficeDepot Inc. | ) | <u>JURY TRIAL DEMANDED</u> |
|     Defendants | ) | |
| | ) | |

### COMPLAINT

Jury Demanded

    **COMES NOW**, Plaintiff Wilnick Dorval, *Pro Se*, states and alleges as follows:

### I. NATURE OF THE ACTION

1.1   I bring this action pursuant to 42 U.S.C. § 1981, § 1985, § 2000a; the U.S. Virgin Islands Civil Right Act (10 V.I.C. §64); and other laws and policies of the United States and the Territory of the Virgin Islands. Defendant OfficeDepot/Officemax's ("OfficeDepot")'s store manager refused to sell me office supplies and OfficeDepot's employees prevented me and interfered with my attempt to purchase office equipment and supplies when they harassed me to intimidate and discourage me from continuing to shop at the store because I am black and from Haiti. I seek declaratory relief, compensatory and punitive damages, and injunctive relief to prevent future unlawful discrimination by Defendant.

1

**COMPLAINT**
**Wilnick Dorval v. OfficeDepot/Officemax Inc.**

1.2     Defendant has discriminated against me in many ways including but not limited to hostile treatment and harassment in the store that interfered with my ability to purchase office equipment and office supplies and actually prevented me from paying for my office supplies because I am black and from Haiti.

1.3     Defendant had no legitimate non-discriminatory reason to justify their treatment of me, rather, Defendant based their actions on my race and national origin. Because of Defendant's discriminatory acts, I was denied the right to make and enforce a contract, was subjected to unlawful discrimination and was denied equal treatment in a place of public accommodation.

1.4     This civil rights lawsuit is brought to ensure that the promise of equal treatment embodied in federal, state, and territorial anti-discrimination laws does not become a meaningless guaranteed for person that are black and/or Haitian national origin.

## II.    PARTIES

2.1     I, Wilnick Dorval, is an adult resident of St. Thomas, at 6700 Sapphire Village, since October 1, 2015. I live alone, and I do not have any family or friends in the U.S. Virgin Islands. I am a naturalized citizen of the United States.

2.2     Defendant Officemax/OfficeDepot is a Deleware corporation with its principal place of business in Boca Raton, FL. Officemax/OfficeDepot is not a resident of this District.

**COMPLAINT**
**Wilnick Dorval v. OfficeDepot/Officemax Inc.**

### III.   JURISDICTION AND VENUE

3.1   This Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1343; and 42 U.S.C. § 2000 (a), et seq. The claims arose under the laws of the United States, specifically 42 U.S.C. § 1981, and 42 U.S.C. § 2000(a) et seq.

3.2   Defendant's acts, and omissions alleged in this Complaint arose at OfficeDepot at 4611 Tutu Park Mall, St. Thomas U.S. Virgin Islands 00802.

3.3   Venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV.   FACTUAL ALLEGATIONS

4.1   OfficeDepot is a global supplier of office products and services to consumers and businesses of all sizes. The North America Division operated approximately 1,441 office of supply stores throughout the United States including the U.S. Virgin Islands. OfficeDepot sells office supplies, technology, cleaning and breakroom supplies, and office furniture. They also offers copy and print services.

4.3   OfficeDepot's store is well lit with florescent lighting and on the ceiling, there are numerous surveillance cameras in black that covered the entire store area.

4.4   I went to purchase office equipment and supplies at OfficeDepot from September 2016 through March 9, 2018.

4.5   When I attempted to shop at OfficeDepot, OfficeDepot's employees engaged in disruptive, and at time bizzare, behavior designed to harass and intimidate me from continuing to shop at OfficeDepot because I am black and from Haiti. These behaviors includes:

3

- OfficeDepot's employees blocking the aisles with boxes and carts to prevent me from moving down the aisles in the store.

- OfficeDepot's employees lunging at me when I am selecting office supplies from the shelves and ran between me and the shelves.

- OfficeDepot's employees flicking their head wildly toward me using exaggerated body movement.

- OfficeDepot's employees used their cell phone to take picture and video record me in the store while they harassed me.

4.6. None of OfficeDepot's employees directed such behavior at white customers. Specifically, I observed a white male customer with gray shirt and brown cargo short in the store and none of OfficeDepot's employees directed such behaviors at him and he was not denied service.

4.7 I had purchased an HP office Jet printer from OfficeDepot, but I needed printing cartridges. March 9, 2018, I selected an HP 901 and HP 902 cartridges at OfficeDepot, took them to a cashier and asked to pay for the cartridges. An officeDepot's store manager refused to sell me the two printing cartridges. He specifically stated, "I am denying you service." OfficeDepot has never refused business of white customers.

4.8 OfficeDepot's employees hostile treatment of me at the store has discouraged me from shopping for office supplies and equipment at the store. As such, after March 9, 2018, I never went back to officeDepot to purchase office supplies or equipment.

4

**COMPLAINT**
**Wilnick Dorval v. OfficeDepot/Officemax Inc.**

## V. CLAIMS

### COUNT 1: VIOLATIONS OF 42 U.S.C § 1981

**(Against All Defendant)**

5.1.1 I reallege and incorporate by reference the remainder of the allegations in this Complaint.

5.1.2 Defendant OfficeDepot violated 42 U.S.C § 1981, et seq, and U.S Virgin Island Law Against Discrimination, (V.I. Code Ann. tit. 10, §64) based on race and national origin.

5.1.3 I am a Haitian born, black, naturalized citizen of the United States of America.

5.1.4 Defendant acted with discriminatory intent when Defendant allowed and permitted OfficeDepot's employees to deliberately and purposely harass me in the store to discourage and intimidate me from shopping at the tore because I am black and from Haiti.

5.1.5 Defendant interfered and thwarted my attempt to contract for office supplies when the store manager refused to sell to me HP printing cartridges after repeated request and when OfficeDepot's employees harassed me at OfficeDepot.

5.1.6 The discriminatory practices described above were carried out:

(a) at the direction of and with the consent, encouragement, knowledge, and ratification of Defendant;

(b) under Defendant' authority, control, and supervision; and/or

(c) within the scope of Defendant' employees' employment.

5

**COMPLAINT**
**Wilnick Dorval v. OfficeDepot/Officemax Inc.**

5.1.7  Defendant engaged in intentional discrimination based on my race and national origin and caused me to suffer deprivation of my right to make and enforce contracts.

5.1.8  Defendant's action violated 42 U.S.C. § 1981.

5.1.9  As a direct, foreseeable, and proximate result of said wrongful acts by Defendant, I suffered and will continue to suffer humiliations, anxiety, worries, embarrassment, and severe emotional distress, all to my damage in an amount to be proven at trial.

## COUNT 2: VIOLATIONS OF CIVIL RIGHT ACT OF 1964, 42 U.S.C. § 2000a

### (Against All Defendant)

5.2.1  I reallege and incorporate by reference the remainder of the allegations in this Complaint.

5.2.2  Defendants violated Civil Right Act of 1964, 42 U.S.C. § 2000a.

5.2.3  As a direct, foreseeable, and proximate result of said wrongful acts by Defendant, I suffered and will continue to suffer humiliations, anxieties, worries, embarrassment and severe emotional distress, all to my damage in an amount to be proven at trial.

## COUNT 3: VIRGIN ISLANDS CIVIL RIGHT ACT (10 V.I.C § 64 et seq.)

### (Against All Defendant)

5.3.1  I reallege and incorporate by reference the remainder of the allegations in this Complaint.

5.3.2  From September 2016 through March 9, 2018, at all times relevant to the events described above, I was a natural person within the jurisdiction of the U.S. Virgin Islands.

5.3.3  OfficeDepot is a place of public accommodation.

**COMPLAINT**
**Wilnick Dorval v. OfficeDepot/Officemax Inc.**

5.3.4   Defendant offers a service for charge to others and is the owner, proprietor, superintendent, manager, agent, or employee of a publicly licensed business.

5.3.5   Defendant, by and through their employees engaged in or permitted the intentional denial to me of full and equal accommodation, advantages, facilities, and/or privileges of a place of accommodation and denied the full and equal privilege to contract and purchase the services offered for charge based solely on my race and national origin contrary to and in violations of 10 V.I.C. § 64.

5.3.6   As a direct, foreseeable, and proximate result of said wrongful acts by Defendant, I suffered and will continue to suffer humiliations, anxieties, worries, embarrassment and severe emotional distress, all to my damage in an amount to be proven at trial.

## COUNT 4: NEGLIGENCE AND GROSS NEGLIGENCE

### (Against All Defendant)

5.4.1   I reallege and incorporate by reference the remainder of the allegations in this Complaint.

5.4.2   OfficeDepot's employees had a duty not to harass and create a hostile environment for me in the store and to conduct themselves professionally.

5.4.3   OfficeDepot's employees breached their duties when they wantonly, recklessly and maliciously blocked my path in the store with boxes and carts to prevent me from going through the aisles; they wantonly, recklessly and maliciously lunged between me and the shelves, when I am exiting the aisles and when I am at the registers causing me to fear bodily injuries.

5.4.4    OfficeDepot's manager breached his duties when he wantonly, recklessly and maliciously refused to sell me HP printing cartridges because I am black and from Haiti.

5.4.5    It was reasonably foreseeable that Defendant's breach of their duty to me would cause injury to me.

5.4.6    As a direct, foreseeable, and proximate result of said wrongful acts by Defendant, I suffered and will continue to suffer humiliations, anxieties, worries, embarrassment and severe emotional distress, all to my damage in an amount to be proven at trial.

## COUNT 5: AIDING AND ABETTING

### (Against All Defendant)

5.5.1    I reallege and incorporate by reference the remainder of the allegations in this Complaint.

5.5.2    OfficeDepot added and abetted OfficeDepot's employees to harass me each day that I went to purchase office supplies at the store to intimidate and discourage me from continuing to shop at OfficeDepot.

5.5.3    OfficeDepot had knowledge of OfficeDepot's employee's unlawful conducts because the manager observed me recording OfficeDepot's employee's unlawful behaviors at the store.

5.5.4    OfficeDepot's manager substantially participated in the harassment because he refused to sell me office supplies.

5.5.5    As a direct, foreseeable, and proximate result of said wrongful acts by Defendant, I suffered and will continue to suffer humiliations, anxieties, worries, embarrassment and severe emotional distress, all to my damage in an amount to be proven at trial.

COMPLAINT
Wilnick Dorval v. OfficeDepot/Officemax Inc.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendant)

5.6.1   I reallege and incorporate by reference the remainder of the allegations in this Complaint.

5.6.2   Defendant acted intentionally and recklessly when Defendant allowed OfficeDepot's employees to deliberately and purposely harass me in the store to discourage and intimidate me from continuing to shop at the store because I am black and from Haiti.

5.6.3   Defendant acted intentionally and/or recklessly when OfficeDepot's store manager refused to sell me the HP printing cartridges after repeated request to pay for my office supplies, because I am black and from Haiti.

5.6.4   Defendant's actions were extreme and outrageous.

5.6.5   Defendant's extreme and outrageous conducts caused me to suffer severe emotional distress, humiliation, embarrassment, worries, and anxieties.

5.6.6   As a direct, foreseeable, and proximate result of said wrongful acts by Defendant, I suffered and will continue to suffer humiliation, worries, anxieties, embarrassment and severe emotional distress for which Defendant is personally liable for compensatory and punitive damages to me in an amount to be proven at trial.

## VI.   REQUEST FOR RELIEF

WHEREFORE, I respectfully request that this Honorable Court:

6.1.1 For a declaration that among other things, Defendant's conducts and actions described above constituted discrimination on the basis of race and national origin in violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and the U.S Virgin Islands Civil Rights Act;

6.1.2 Enter a preliminary and permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the unlawful, discriminatory conduct described herein and to prevent similar occurrences in the future pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and the U.S Virgin Islands Civil Rights Act;

6.1.3 Award to me compensatory damages against Defendant on all claims in an amount to be proved at the time of trial for being deprived of my right to purchase office supplies/equipment in an office supply store regardless of my race and/or national origin, including damages for fear, inconvenience, humiliation, embarrassment, and emotional distress, as provided pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and the U.S Virgin Islands Civil Rights Act;

6.1.4 Award to me punitive or exemplary damages against Defendant under the provisions of 42 U.S.C. § 3613 (c)(1), 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and the U.S Virgin Islands Civil Rights Act; and otherwise as allowed by law;

6.1.5 Award to me prejudgment interest;

6.1.6 Award to me reasonable attorney's fees and the costs incurred in this action;

6.1.7 Award to me compensatory and punitive damages against Defendant under the common law tort claims of intentional infliction of emotional distress, negligence, aiding and abetting.

6.1.8 For the right to amend this complaint to conform to proof offered at trial;

6.1.9   For this case to be tried to a jury; and

6.1.10  For such other and further relief as the court deems just and proper.

Dated: November 16, 2018

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, V.I. 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com