NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL, | |
| Plaintiff, | Civ. No. 18-97 |
| v. | **OPINION** |
| OFFICEDEPOT INC., | |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the Amended Complaint filed by Plaintiff Wilnick Dorval alleging that he was subject to harassment by Defendant OfficeDepot Inc. (ECF No. 51.) The parties proceeded to trial to determine whether Defendant is liable for violation of 42 U.S.C. § 1981 (Count 1 (*id.* ¶ 5.1)); violation of the federal Civil Rights Act, 42 U.S.C. § 2000a (Count 2 (*id.* ¶ 5.2)); violation of the Virgin Islands Civil Rights Act ("VICRA"), 10 V.I.C. § 64 *et seq.* (Count 3 (*id.* ¶ 5.3)); negligence and gross negligence (Count 4 (*id.* ¶ 5.4)); aiding and abetting (Count 5 (*id.* ¶ 5.5)); and intentional infliction of emotional distress (Count 6 (*id.* ¶ 5.6)). The Court conducted a non-jury trial on March 4, 2019, and considered all evidence presented. Pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, the Court issues the following Findings of Fact and Conclusions of Law and grants judgment in favor of Defendant on all Counts.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

## **FINDINGS OF FACT**

Plaintiff alleges harassment and mistreatment by Defendant, through its employees, while Plaintiff shopped at Defendant's store located at Tutu Park Mall in St. Thomas (the "Store") on February 21 and March 9, 2018. He claims that Defendant treated him this way because he is black and Haitian.

Plaintiff shopped at the Store and bought items there without incident on dozens of occasions between June 2016 and February 2018. (Def.'s Exs. 2–42.) On February 21, 2018, Plaintiff went to the Store to purchase a printer. Plaintiff testified that while he was walking through the aisles, employees of Defendant "invaded the aisle" and blocked him from proceeding through the store. According to Plaintiff, employees also flicked their heads at him, lunged at him, and engaged in other bizarre behavior.

The Court finds such allegations unproven. Edouard Richardson, Store Manager at that time, testified that he did not observe any such behavior and that Plaintiff did not come to him to complain about it. Anisha Industrious, an employee who served as a cashier at the time, also testified that she did not observe the described behavior. Moreover, Plaintiffs' allegations are unusual; it would be far outside the usual course of human conduct for employees of a store to treat a customer the way Plaintiff describes. Additionally, Plaintiff has filed similar lawsuits claiming that employees of other establishments, such as a local grocery store, have engaged in similar behavior. (*E.g.*, Def.'s Ex. 44.) Viewing all this evidence, the Court finds it unlikely that employees of Defendant blocked Plaintiff from walking through the aisles, flicked their heads at him, lunged at him, or engaged in similar harassing behavior.

Plaintiff claims that on the same trip to the store on February 21, 2018, an older female customer hit Plaintiff twice, and that employees of Defendant laughed when this occurred.

Plaintiff did not file a police report concerning the alleged assault, though he has filed police reports about other incidents in the past. Both Richardson and Industrious testified that they did not see the alleged assault, nor did Plaintiff complain about it to them. The Court finds, therefore, that even if the assault did occur, Defendant had no opportunity to prevent it from happening or to learn about it after it happened.

Plaintiff purchased a printer during his trip on February 21, 2018. On March 9, 2018, Plaintiff returned to the Store to buy ink cartridges for that printer. It is clear that Plaintiff left that day without purchasing any merchandise; it is less clear why this occurred. While Plaintiff was waiting in line to check out, Richardson approached him and asked him more than once whether he was recording in the store. According to Plaintiff, he did not answer Richardson's question but instead stated that he wanted to pay for his items. Plaintiff testified that he then asked Richardson if he was being denied service, to which Richardson said, "Yes." Plaintiff also claims that Richardson was standing so as to block him from approaching the cash register. According to Plaintiff, he then left the Store because Richardson made clear that he was not welcome there. Plaintiff never returned after that day.

Richardson testified that when he approached Plaintiff, Plaintiff's arms were folded and it appeared that a video camera was in his hand; Plaintiff had video-recorded in the store several times in the past. Richardson claims that he could not understand what Plaintiff was saying because he was mumbling, and that Plaintiff left the store on his own accord. Richardson does not recall telling Plaintiff that he was being denied service. The parties agree that Richardson did not tell any employees to deny Plaintiff services.

Based on these facts, the Court finds that Plaintiff has failed to meet his burden of proving by a preponderance of the evidence his claims of harassment. Industrious testified that

3

she did not hear anyone say that Plaintiff could not purchase items at the store. During the trial, Plaintiff was occasionally difficult to understand, lending support to Richardson's claim that he could not understand what Plaintiff was saying at the time of the alleged incident. Additionally, the fact that Plaintiff purchased items at the Store dozens of times previously suggests that Defendant had no general policy or intention of preventing Plaintiff from shopping at the Store.

The Court has thus determined that the harassment and mistreatment Plaintiff alleges did not occur. But even if it did occur, the Court finds that such mistreatment was not due to Plaintiff's race or ethnicity. No evidence was presented showing that any of Defendant's employees made any comments about Plaintiff's race. The Store customers are of mixed races but the population of the area is largely made up of persons of color; no evidence suggests that any persons of color were subject to differential treatment. Additionally, Richardson and Industrious, both black, testified that they never asked Plaintiff about his national origin and had no reason to know that he was Haitian. Therefore, the evidence does not show that Plaintiff was treated differently because of his race or national origin.[2]

## CONCLUSIONS OF LAW

**I.  Count 1: 42 U.S.C. § 1981**

42 U.S.C. § 1981 ensures "[a]ll persons . . . the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." This statute protects against intentional discrimination on the basis of race. *Gen. Bldg.*

---

[2] As held by the Court at trial, the Court will not consider allegations that Defendant hindered Plaintiff from filing lawsuits, or that Defendant enrolled Plaintiff in its rewards program without his consent. These allegations are outside the scope of the Complaint and were first presented at trial.

*Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). As stated above, the facts in this case do not show that Plaintiff was treated any differently because of his race. Therefore, judgment is granted for Defendant on this Count.

### II.     Count 2: Civil Rights Act, 42 U.S.C. § 2000a

42 U.S.C. § 2000a(a) guarantees "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race . . . or national origin."[3] In this case, Plaintiff has not shown that he was treated any differently because of his race or national origin. Judgment is therefore granted for Defendant on this Count.

### III.    Count 3: VICRA, 10 V.I.C. § 64 *et seq.*

10 V.I.C. § 64(3) states:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessor, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, [or] national origin . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .[4]

Once again, Plaintiff has presented no evidence of disparate treatment due to his race or national origin. Judgment is granted for Defendant on this Count.

### IV.    Count 4: Negligence and Gross Negligence

A negligence claim requires showing (1) that the defendant owed the plaintiff a legal duty of care, (2) that defendant breached that duty, which was the (3) factual and legal cause of (4) damages to the plaintiff. *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014). In this case, Plaintiff has failed to establish that he was harassed or mistreated by Defendant; for this

---

[3] The Court takes no position as to whether the Store was a place of public accommodation.
[4] The Court takes no position as to whether the Store was a place of public accommodation.

reason, Plaintiff has not established that Defendant breached any legal duty of care that it owed to Plaintiff. Judgment is granted in favor of Defendant.

## V.     Count 5: Aiding and Abetting

Plaintiff claims that Defendant aided and abetted its employees in harassing him. (Compl. ¶ 5.5.2.) But, as previously explained, Plaintiff has not proven by a preponderance of the evidence that harassment occurred. As a corollary, there can be no liability for aiding and abetting that alleged harassment. Defendant is entitled to judgment on this Count.

## VI.    Count 6: Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress occurs when an individual "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." Restatement (Second) of Torts § 46(1) (Am. Law Inst. Nov. 2018 update).[5] Leaving aside whether the conduct alleged here is extreme and outrageous, Plaintiff has not proven that Defendant actually engaged in such conduct. For this reason, judgment is entered for Defendant on this Count.

## CONCLUSION

For the foregoing reasons, judgment will be granted on behalf of Defendant on all Counts. An appropriate order of judgment will follow, consistent with Rule 58 of the Federal Rules of Civil Procedure.

Date:   3/8/19                                               */s/ Anne E. Thompson*
                                                             ANNE E. THOMPSON, U.S.D.J.

---

[5] The Virgin Islands applies the Restatement approach to this tort. *Eddy v. V.I. Water & Power Auth.*, 369 F.3d 227, 231 (3d Cir. 2004); *Stevens v. Louise*, 2016 WL 9454137, at *3 (V.I. Super. Ct. June 13, 2016).