NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICE DEPOT INC.,<br><br>　　　　　　Defendant. | Civ. No. 18-97<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion to Set Aside Judgment for Fraud Upon the Court ("Motion to Set Aside Judgment") (ECF No. 71) and Motion for Leave to File a Flash Drive (ECF No. 73) filed by Plaintiff Wilnick Dorval ("Plaintiff"). Defendant opposes. (ECF Nos. 75, 76.) The Court has decided the Motions upon the written submissions of the parties and without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's Motion to Set Aside Judgment and Motion for Leave to File a Flash Drive are denied.

## BACKGROUND

Plaintiff alleged harassment and mistreatment by Defendant Office Depot Inc. ("Defendant"), through its employees, while Plaintiff shopped at Defendant's store. Following a bench trial on March 4, 2019, the Court issued its Findings of Fact and Conclusions of Law

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

(ECF No. 64) and final Order and Judgment (ECF No. 65) in favor of Defendant on March 8, 2019. At trial, Plaintiff alleged that one of Defendant's employees, Edouard Richardson, said that he was denying service to Plaintiff and blocked Plaintiff from approaching the register. (Findings at 3, ECF No. 64.) At trial, Richardson stated that he "does not recall telling Plaintiff that he was being denied service." (*Id*.) Another employee, Anisha Industrious, also testified that "she did not hear anyone say that Plaintiff could not purchase items at the store." (*Id.* at 3–4.) The Court found, in short, that Plaintiff failed to prove his claims of harassment by a preponderance of the evidence, and that even if such harassment did occur, Plaintiff failed to present any evidence that such harassment was due to Plaintiff's race or ethnicity. (*Id.* at 3–4.)

On November 4, 2019, Plaintiff filed the present Motion to Set Aside Judgment, requesting that the Court reverse the judgment pursuant to Rules 60(b)(3) and 60(d)(3) of the Federal Rules of Civil Procedure based on the fact that he discovered two video recordings in his possession that allegedly contradict the testimony of Richardson and Industrious. (Mot. to Set Aside J. at 3–5, ECF No. 71.) Plaintiff also filed a Motion for Leave to File a Flash Drive, seeking to file the video recordings in support of his Motion to Set Aside Judgment. (Mot. for Leave to File at 1, ECF No. 73.) On November 14, 2019, Defendant filed an Opposition to the Motion to Set Aside Judgment (ECF No. 75) and an Opposition to the Motion for Leave to File Flash Drive (ECF No. 76). On November 17, 2019, Plaintiff filed a Reply to Defendant's Oppositions. (ECF No. 78.) These Motions are presently before the Court.

**LEGAL STANDARDS**

Rule 60(b)(3) of the Federal Rules of Civil Procedure states that "the court may relieve a party or its legal representative from a final judgment [because of] fraud . . . by an opposing party." To prevail on a Rule 60(b)(3) motion, the moving party must establish, by "clear and

2

convincing evidence," *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960), that the adverse party engaged in fraud or other misconduct, and that this misconduct "prevented the moving party from fully and fairly presenting his case," *Stridiron v. Stridiron*, 698 F.2d 204, 206–07 (3d Cir. 1983). Additionally, Rule 60(d)(3) preserves "the court's power to . . . set aside a judgment for fraud on the court." "To show fraud on the court, a party must show: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,'" such as bribery of a judge or fabrication of evidence by counsel, but not perjury by a witness. *Id.* at 386–87, 390. The movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as an "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Gochin v. Thomas Jefferson Univ.*, 667 F. App'x 365, 367 (3d Cir. 2016) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)).

## DISCUSSION

### I. Motion to Set Aside Judgment for Fraud Upon the Court

Plaintiff claims that he has discovered two video recordings among his belongings that show Richardson loudly state "I am refusing you service" to Plaintiff and show Richardson blocking Plaintiff from accessing the cash register on March 9, 2018. (Mot. to Set Aside J. at 2.) Plaintiff contends that this proves that Richardson and Industrious lied at trial by clear and convincing evidence. (*Id.* at 5.) Plaintiff further argues that Simone Francis, the Defendant's attorney, committed fraud upon the court by "recklessly and willfully" calling these witnesses to testify when she knew that they "had conspired to lie during trial." (*Id.* at 6.)

3

Plaintiff has failed to prove by clear and convincing evidence that he is entitled to relief under Rule 60(b)(3) or 60(d)(3) of the Federal Rules of Civil Procedure. First, Plaintiff has failed to identify any egregious misconduct. Even if the video footage does show what Plaintiff alleges, it is not directly contrary to the testimony of Richardson and Industrious at trial. Richardson merely testified that he did not recall making the alleged statement, and Industrious testified that she did not hear Richardson make this statement. (Findings at 3–4.) Furthermore, even if there was a direct contradiction, this would amount to perjury by a witness, which is insufficient to establish fraud upon the Court. *See Herring*, 424 F.3d at 390. Additionally, although fabrication of evidence by counsel can be considered egregious misconduct, here Plaintiff has failed to demonstrate by clear and convincing evidence that Defendant's attorney fabricated the witnesses' testimony. Even if the witnesses did commit perjury, Plaintiff has not shown that Defendant's attorney knew or should have known that their statements were false or that Defendant's attorney conspired with the witnesses in any way.

Additionally, Plaintiff has failed to show how this purported fraud prevented him from "fully and fairly presenting his case." Plaintiff had the opportunity to testify at trial and present all evidence as to what he claimed occurred in the incident in question. Furthermore, the video was in his sole possession, such that failure to present it at trial was due to his own lack of diligence. *See Gochenaur v. Juniata Valley Bank*, 2017 WL 3405114, at *4 (M.D. Pa. June 22, 2017) ("By incorporating into the legal standard for a Rule 60(b)(3) motion a requirement that a party be prevented from previously fully and fairly presenting his case, the law presumes some prior diligence by that party . . . ."). Because Plaintiff has failed to demonstrate that he is entitled to the extraordinary relief provided under Rule 60(b)(3) or 60(d)(3) of the Federal Rules of Civil Procedure, the Motion to Set Aside Judgment (ECF No. 71) is denied.

**II.     Motion for Leave to File Flash Drive**

Since the Court has denied the Motion to Set Aside Judgment, the Motion for Leave to File a Flash Drive (ECF No. 73) is also denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Set Aside Judgment (ECF No. 71) and Motion for Leave to File a Flash Drive (ECF No. 73) are denied. An appropriate Order will follow.


Date: January 24, 2020                               */s/ Anne E. Thompson*
                                                     ANNE E. THOMPSON, U.S.D.J.